IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SURESH BALACHANDRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 4:20-cv-1078 |
| | § | |
| VALVTECHNOLOGIES INC. | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

**COMPLAINT**

Plaintiff, SURESH BALACHANDRAN, files this Complaint and Jury Demand against Defendant VALVTECHNOLOGIES INC., alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA") and the Family and Medical Leave Act. For causes of action, Plaintiff would show the Court as follows:

**I.**

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff SURESH BALACHANDRAN is a resident of Harris County, Texas.

2. Defendant VALVTECHNOLOGIES INC. is an entity which can be served with Citation through its Registered Agent, Northwest Registered Agent, 5900 Balcones Drive, Suite 100, Austin, TX 78731.

3. This Court has jurisdiction to hear the merits of Mr. Balachandran's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a).

4. Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Harris County, Texas.

## II.

## FACTUAL BACKGROUND

5.     Mr. Balachandran was hired by the Defendant in 2011 as a Senior QAE Manager.

6.     Mr. Balachandran was approved for and took leave under the Family and Medical Leave Act from July 22, 2018, through September 24, 2018, to care for his mother who has dementia and is substantially limited in several major life activities.

7.     Mr. Balachandran's employment with the Defendant was terminated shortly after he returned from leave, on October 4, 2018.  In the termination letter given to Mr. Balachandran, Defendant stated that "your job performance has deteriorated significantly over a long period of time, amounting to a serious dereliction of professional responsibility."  However, on Mr. Balachandran's last performance review, in January 2018, he was rated as "Excellent" and prior to his termination he had not ever received a disciplinary notice or any indication that his job performance was lacking.

## III.

## CAUSES OF ACTION

### COUNT ONE:
### ADA - Associational Discrimination

8.     The Americans with Disabilities Act protects employees from discrimination based on their relationship or association with an individual with a disability.  42 U.S.C. 12112(b)(4).

9.     The ADA's definition of disability was substantially amended by the ADA Amendments Act of 2008, and it changes the definition from one that was very restrictive to one in which disability shall be construed in favor of broad coverage of individuals to the maximum extent.

10.	At all times relevant to this Complaint, Defendant was an employer within the meaning of the Americans with Disabilities Act and the Texas Commission on Human Rights Act, having at least 15 employees.

11.	Under the ADA as amended, Mr. Balachandran's mother suffered from a disability, as her condition substantially limited her in several major life activities.

12.	Defendant subjected Mr. Balachandran to a prohibited act, i.e. termination, based on his association and relationship with his mother, a person with a disability.

13.	Defendant's actions were undertaken with malice and/or reckless indifference to Mr. Balachandran's federally-protected right under the ADA to be free from associational discrimination.

## COUNT TWO
## Family and Medical Leave Act

14.	The Family and Medical Leave Act prohibits an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).  At all times relevant to this Complaint, Defendant was an employer covered by the FMLA.  Prior to the start of his FMLA leave, Plaintiff had been employed by Defendant for at least 12 months and had worked at least 1,250 hours during the 12 months prior to the start of his FMLA leave.  The employer is one who employs 50 or more employees within a 75-mile radius of the worksite.

15.	Plaintiff availed himself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

## IV.

## DAMAGES

16.    As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

## V.

## COMPENSATORY DAMAGES

17.    Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her association with a person with a disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.

## PUNITIVE DAMAGES

18.    The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.

## LIQUIDATED DAMAGES

19. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

20. A prevailing party may recover reasonable attorneys' and experts' fees under the ADA, FMLA, and TCHRA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.

## JURY DEMAND

21. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF